IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK, N.A.,

    Plaintiff,                              No. CIV S-04-2458 DFL KJM PS

vs.

GREG POPPIN, et al.,,

    Defendants.                   <u>ORDER</u>

_____/

        A status conference was held in this matter on April 27, 2005 before the undersigned. The motion to dismiss of defendants Heineman and Johnson also was noticed for hearing at that time. Jeffrey Allison appeared telephonically for plaintiff. Defendant Poppin appeared in propria persona. No appearance was made for defendants Heineman and Johnson. Upon consideration of the status reports on file in this action, discussion of counsel and defendant and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

        1. On March 28, 2005, plaintiff filed requests to enter the defaults of defendants Heineman, Johnson, and Poppin. In light of the renewed motion to dismiss noticed by defendants Heineman and Johnson and the appearance of defendant Poppin, the Clerk of Court is directed to not enter default at this time.

        2. Within twenty days from the date of this order, defendant Poppin shall file a

responsive pleading to the first amended complaint.

       3. Within five days from the date of this order, plaintiff shall file documents, either by affidavit or otherwise, evidencing the place of incorporation and principal place of business of U.S. Bank and Ocwen.[1]  See generally Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462 (1980) (trustees who have legal title to the trust's assets, manage those assets, and control trust litigation are real parties in interest for purposes of diversity jurisdiction).  See also Complaint at ¶ 11; First Amended Complaint at ¶ 12.

       4. The Clerk of Court is directed to add to the Court's proof of service the addresses identified for defendants Heineman and Johnson on the document filed January 24, 2005 and for defendant Poppin on the document filed April 27, 2005.

       5. It appears defendants Poppin, Heineman, and Johnson are sued both in their individual capacities as well as in their capacities as trustees of the Madrone Trust.  Unincorporated associations, including trusts, must appear in court through a licensed attorney.  See Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  See also Church of the New Testament v. United States, 783 F.2d 771, 772 (9th Cir. 1987).  Likewise, a trustee may not appear pro se as a trust's legal representative.  C.E. Pope, 818 F.2d at 697-98 (affirming dismissal of complaint signed only by nonlawyer trustee).  Defendants are cautioned that failure to retain a licensed attorney for representation of Madrone Trust may result in a recommendation that a default judgment be entered against Madrone Trust.

       6. Defendants Heineman and Johnson noticed a motion to dismiss for hearing on April 27, 2005.  Defendants failed to appear.  Local Rule 78-230(j) provides "[a]bsent notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of the motion . . . in the discretion of the Court, or may result in the imposition of sanctions."  To aid

---

[1] The court acknowledges plaintiff's filing on April 28, 2005, of the corporate charter of Ocwen and accompanying declaration of plaintiff's counsel.

the court in consideration of the sanctions issue, plaintiff's counsel is directed to submit within ten days from the date of this order the attorneys' fees incurred in connection with opposing the motion to dismiss.

      7. Defendant Poppin objected to the proposed litigation schedule outlined by the court at the status conference. The schedule has been modified accordingly. By failing to appear, defendants Johnson and Heineman have waived objections to the dates set forth below.

      8. Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made within thirty days from the date of this order.

      9. Discovery, including the hearing of discovery motions, shall be completed by January 18, 2006. Discovery motions, if needed, shall be filed in accordance with Local Rule 37-251.

      10. Dispositive motions, other than discovery motions, shall be noticed to be heard by March 22, 2006.

      11. The pretrial conference is set for June 9, 2006 at 2:00 p.m. before the Honorable David F. Levi. Pretrial statements shall be filed in accordance with Local Rule 16-281.

      12. Trial of this matter is set for August 14, 2006 at 9:00 a.m. before the Honorable David F. Levi. The parties shall file trial briefs in accordance with Local Rule 16-285.

DATED: May 2, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
usbank.oas