IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK, N.A.,

    Plaintiff,               No.CIV S-04-2458 DFL KJM PS

    vs.

GREG POPPIN, et al.,        ORDER  AND
                                   FINDINGS AND RECOMMENDATIONS
    Defendants.

_____/

        The motion to strike or, in the alternative, to dismiss plaintiff's first amended complaint brought by defendants Heineman and Johnson came on regularly for hearing before the undersigned on April 27, 2005. Jeffrey Allison appeared telephonically for plaintiff. No appearance was made for defendants Heineman and Johnson. Defendant Poppin appeared in propria persona. Upon consideration of the motions and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>Motion to Strike</u>

        Under the heading "Motion to Strike," defendants Heineman and Johnson argue three different bases for striking matter from plaintiff's first amended complaint. The Court rejects each for the reasons set forth below.

A. <u>Verified Pleadings.</u>

Defendants argue that a "threshold issue" is plaintiff's failure to verify its pleadings. Defendants argue that "[p]laintiff is clearly proceeding" under sections of the California Code of Civil Procedure dealing with quiet title actions that require verified pleadings. To the contrary, plaintiff filed the amended complaint in federal court and therefore is proceeding under the Federal (not California) Rules of Civil Procedure. Defendants have not cited any federal authority requiring verified pleadings in this instance and therefore their argument is rejected.

B. <u>Failure to Provide Simple, Concise, or Direct Statement.</u>

Federal Rule of Civil Procedure 12(f) governs motions to strike and, in pertinent part, provides that the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike should not be granted unless it is clear that the matter stricken could have no possible bearing on the subject matter of the litigation." <u>Colaprico v. Sun Microsystems, Inc.</u>, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted). Further, motions to strike are regarded with disfavor because they are often used as delaying tactics, and in light of the limited importance of pleadings in federal practice. <u>Stanbury Law Firm v. IRS</u>, 221 F.3d 1059, 1063 (8th Cir. 2000).

Defendants' argument on this matter appears to be two-fold. First, defendants argue that plaintiff's amended complaint is not a "short and plain statement" under Federal Rule of Civil Procedure 8 and that certain extraneous portions therefore should be stricken. Second, defendants' motion takes exception to what its terms "inflammatory" and "prejudicial" allegations, e.g., referring to defendants' business practices as a "scam" and alleging that defendants "improperly and fraudulently" executed documents. Neither of defendants' arguments are well taken.

/////

/////

First, all of the paragraphs of the amended complaint that defendants' motion references (¶¶ 1, 14, 18, 21, 23, 29, 33, and 38) are short and plain statements of the alleged facts. Indeed, some of the referenced paragraphs consist solely of one or two-line sentences. Second, while some of the allegations may cast defendants in a bad light, they cannot be said to be scandalous or impertinent. For instance, defendants take issue with references to a "scam" and a "forgery." However, the amended complaint alleges fraud and deceit as causes of action. Plaintiff's pleadings are well within the ambit of appropriate allegations with respect to a fraud or deceit cause of action.

### C. Alleged Inconsistency Between the Amended Complaint and the Attached Exhibits

Finally, defendants argue that certain averments should be stricken because they are factually inconsistent with the exhibits attached to the amended complaint. Specifically, defendants argue that it is somehow inconsistent to aver that certain instruments were "improperly and fraudulently" recorded and to attach exhibits demonstrating that the instruments were recorded in the official records of Nevada County. Said differently, defendants are arguing that if an instrument is officially recorded, it cannot be "improperly and fraudulently" recorded. This is simply incorrect.

As plaintiff points out, an "act of recording does not establish instruments to be proper in all respects." That is, it is entirely possible for the instruments to have been accepted for recording by the appointed officials, who are not charged with verifying their propriety, and at the same time be fraudulent. For this reason there is not necessarily any inconsistency between the exhibits and the averments; defendants' motion should be rejected on this basis.

## II. Motion to Dismiss

### A. Subject Matter Jurisdiction

The amended complaint alleges the court has jurisdiction under 28 U.S.C. § 1332. Defendants argue there is no diversity because defendants are California citizens and plaintiff should be deemed a California citizen under 28 U.S.C. § 1348. Section 1348 provides in

3

1  pertinent part: "All national banking associations shall, for the purposes of all other actions
2  [other than by the United States] by or against them, be deemed citizens of the States in which
3  they are respectively located." 28 U.S.C. § 1348.

4        In this circuit, for purposes of diversity jurisdiction, a national bank is located in
5  the state where it maintains its principal place of business. See <u>American Surety Co. v. Bank of
6  California</u>, 133 F.2d 160, 161-62 (9th Cir.1943) (construing predecessor statute); see also <u>Bank
7  of California National Association v. Twin Harbors Lumber Co.</u>, 465 F.2d 489, 491-92 (9th Cir.
8  1972) (construing section 1348, with citation to <u>American Surety</u>, bank was citizen of state
9  where it had principal office). In this case, exhibits submitted by plaintiff establish the principal
10 place of business of plaintiff. U.S. Bank has principal offices in Minnesota and Colorado, and
11 plaintiff's attorney-in-fact and servicer, Ocwen Federal Bank FSB, is in Florida. See Exhibits 4,
12 5 & 6 (filed May 9, 2005). The parties therefore are diverse and defendants' challenge to the
13 court's subject matter jurisdiction cannot stand.

14     B. <u>Failure to State a Claim</u>

15       Defendants' final argument is that plaintiff has failed to state a claim upon which
16 relief can be granted because plaintiff "lacks standing to sue." Specifically, defendants argue
17 that, contrary to the allegations in the amended complaint, plaintiff does not have a beneficial
18 interest in the promissory note that is the subject of this case. Defendants misconstrue the
19 purpose of a motion to dismiss.

20       In considering a motion to dismiss, the court must accept as true the allegations of
21 the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740
22 (1976), construe the pleading in the light most favorable to the party opposing the motion and
23 resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). A
24 motion to dismiss for failure to state a claim should not be granted unless it appears beyond
25 doubt that plaintiff can prove no set of amended complaintts in support of the claim that would
26 entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v.

1  Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651
2  F.2d 1289, 1294 (9th Cir. 1981).
3        In ruling on a motion to dismiss, the Court generally may not consider any
4  material beyond the pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997). Where the
5  movant submits such outside materials, the Court has discretion to determine whether or not to
6  exclude them. See, e.g., Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d
7  1198, 1201 (9th Cir. 2003) (upholding trial court's rejection of outside material because it was
8  "superfluous"). If the Court does not exclude materials presented to it, the motion must be
9  treated as one for summary judgment and disposed of as such. Fed. R. Civ. P. 12(b).
10 The amended complaint alleges that plaintiff has an interest as a beneficiary of the note at issue
11 here. Am. Compl. ¶ 12. Essentially defendants' request is that the court not accept as true the
12 allegations of the amended complaint. In support of this request defendants submit an uncertified
13 copy of an assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc. to
14 plaintiff.[1] It is difficult to fathom how defendants think this exhibit supports their position. Be
15 that as it may, the court declines to consider matters outside the pleadings. In light of the express
16 allegation that plaintiff has a beneficial interest, plaintiff has standing to pursue this action and
17 the motion to dismiss should be denied.
18 III.  Attorney's Fees as Sanction for Failure to Appear
19       Defendants Heineman and Johnson noticed the pending motion to dismiss for
20 hearing on April 27, 2005. Defendants failed to appear. Local Rule 78-230(j) provides "[a]bsent
21 notice of intent to submit the matter on the briefs, failure to appear may be deemed withdrawal of
22 the motion . . . in the discretion of the Court, or may result in the imposition of sanctions."
23 Plaintiff's counsel has submitted an affidavit indicating attorney's fees in the amount of

---

[1] Because the assignment is uncertified, defendants' request for judicial notice of this document is denied. Defendants' request for judicial notice of other documents also is denied, as insufficient information is provided to support such notice. See Fed. R. Evid. 201.

$2,390.39 were incurred in connection with opposing the motion to dismiss. That amount is deemed reasonable in light of counsel's explanation of the hours expended and his hourly rate; it will be awarded to plaintiff as a sanction for defendants' failure appear at the hearing.

IV. <u>Motion for Stay</u>

On January 31, 2005, defendants Heineman and Johnson filed a motion to stay "pending outcome of private administrative process," in which they purport to notify the court that they "conditionally accept the offer of [plaintiff] and enter into good faith negotiations." In opposing the motion, plaintiff represents that it has made no offer to defendants and no negotiations with them are ongoing. Defendants' motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Attorneys' fees in the amount of $2,390.39 are awarded to plaintiff against defendants Heineman and Johnson, jointly and severally. Said amount shall be paid within ten days from the date of this order.

2. Failure to comply with this order may result in a recommendation that default be entered against any party who fails to comply.

3. The motion requesting a stay filed January 31, 2005 is denied.

IT IS HEREBY RECOMMENDED that defendants' motion to strike and/or dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////

/////

/////

shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

6
usbank2.oah