IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK, N.A.,

     Plaintiff,　　　　　　　　　　No. CIV S-04-2458 DFL KJM PS

  vs.

GREG POPPIN, et al.,　　　　　　　　　ORDER AND

     Defendants.　　　　　　　　　FINDINGS & RECOMMENDATIONS

_____/

     Plaintiff's motion for entry of default judgment came on regularly for hearing November 30, 2005. Jeffrey Allison appeared telephonically for plaintiff. No appearances were made for defendants, proceeding pro se. Upon review of the motion and the supporting documents, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

     The complaint in this matter was served upon defendants Poppin, Heineman, and Johnson; proofs of service were filed December 20, 2004 and returns of service were filed December 28, 2004. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). A motion to dismiss was denied and defendants thereafter did not timely file an answer or other responsive pleading. The clerk of the court entered default against defendant Poppin on June 2, 2005 and

1

against defendants Heineman and Johnson on September 27, 2005. Notice of the entry of default as well as plaintiff's present motion for entry of default judgment were served by mail on defendants at their last known addresses; the docket does not reflect return of any documents served by the clerk of the court. Defendant Poppin has filed various documents both prior to and after the motion for default judgment was filed but such pleadings are not recognized under the Federal Rules of Civil Procedure and will be stricken. No defendants entered an appearance at the hearing.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations to preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that the documents filed by defendant Poppin on September 9, 2005 (docket no. 64), October 17, 2005 (docket no. 69), October 21, 2005 (docket no. 72), October 31, 2005 (docket no. 75) and November 7, 2005 (docket no. 76) are STRICKEN; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for entry of default judgment be GRANTED. A proposed judgment was filed by plaintiff on November 30, 2005 (docket no. 78) and is approved as to form and substance.

These findings and recommendations are submitted to the District Judge assigned to this matter, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the

1 court and serve a copy on all parties.  Such a document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served
3 and filed within ten days after service of the objections.  The parties are advised that failure to
4 file objections within the specified time may waive the right to appeal the District Court's order.
5 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 DATED:  December 2, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
usbank.defjud